unauthorized acts of its own officers.    Nordlinger v. De Mier, 54 Hun, 276, 7 N. Y. Supp. 463; Myers v. Prefontaine, 40 App. Div. 603, 58 N. Y. Supp. 70.

It follows, therefore, that the stipulations were mistakenly made, and that the unauthorized acts of the attorneys for Mr. Arbuckle conferred no jurisdiction over the defendant Jamison, and the order granting plaintiff's motion for judgment by default against the defendant William A. Jamison must be reversed, with $10 costs and disbursements, and motion denied, and the order denying the motion to vacate and set aside the stipulations is reversed, with $10 costs and disbursements, and the motion granted.    All concur.

---

### MYRON v. MYRON.    (No. 6879.)

(Supreme Court, Appellate Division, First Department.    February 11, 1915.)

DIVORCE (§ 221*)—IMPECUNIOUS WIFE—ALLOWANCE OF COUNSEL FEE.

Where it does not appear that a plaintiff wife in a divorce suit is without means to employ counsel, the trial court has no authority to direct defendant to pay her such fee to enable her to carry on her action.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 642, 643; Dec. Dig. § 221.*]

Appeal from Special Term, New York County.

Action by Florence M. Myron against Herbert B. Myron.    From so much of an order as allows plaintiff a counsel fee, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank Hopkins, of Syracuse, for appellant.
Lloyd Paul Stryker, of New York City, for respondent.

PER CURIAM.    It does not appear that the plaintiff is without means to employ counsel, and the court has no authority to direct the defendant to pay her a counsel fee to carry on her action.

The order should be reversed, and the motion denied, without costs.

---

### PEOPLE ex rel. ACKERSON v. BOARD OF SUP'RS OF ROCKLAND COUNTY.

(Supreme Court, Appellate Division, Second Department.    February 11, 1915.)

1. CRIMINAL LAW (§ 637*)—CUSTODY OF ACCUSED.

While bail is outstanding and unforfeited, a justice of the peace cannot put the prisoner again in custody on the date or adjourned date of the hearing simply to insure his attendance; Code Cr. Proc. § 422, authorizing a court to commit a defendant, when he appears for trial, though he has given bail, applying only to prosecutions under indictment.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1484; Dec. Dig. § 637.*]

---

*For other cases see same topic & § NUMBER in Dec & Am. Digs. 1907 to date, & Rep'r Indexes

2. SHERIFFS AND CONSTABLES (§ 39*)—FEES OF CONSTABLE—RIGHT TO.

   Under Code Cr. Proc. § 740b, providing that a constable, for keeping a prisoner after being brought before the justice and by his direction in custody, shall be allowed $1 per day, a constable is entitled to a fee of $1 per day for keeping prisoners in custody on the date or adjourned date of a hearing before a justice, though such prisoners, after first being taken. in custody, were liberated at the direction of the justice, where the justice directed the constable to retake them on the date of the hearing, and there was nothing to show that the prisoners were bailed.

   [Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 39.*]

Application by the People, on the relation of William H. Ackerson, for a writ of certiorari directed against the Board of Supervisors of Rockland County, to review a determination. Determination reversed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Benjamin Levison, of Nyack, for relator.
Francis J. MacIntyre, of New York City, for respondent.

CARR, J. The relator, a constable of the town of Clarkstown, in Rockland county, seeks to review the action of the board of supervisors of that county in the reaudit of a claim made by him against the town, by which his claim was reduced to the extent of $91. The claim had been audited by the town auditors, and an appeal was taken to the board of supervisors by a taxpayer, on the ground that the town audit was excessive and illegal as to certain items, aggregating $91. The relator claims that he was entitled to charge $1 a day for each day when he had the custody of a prisoner under the direction of a justice of the peace. The only dispute is one of law.

[1, 2] The relator's claim is based upon section 740b of the Code of Criminal Procedure, which fixes the fees of constables chargeable against towns in criminal proceedings, and which allows to such constables a fee as follows:

"For keeping a prisoner after being brought before the justice, and by his direction in custody, one dollar per day."

It appears that, after the relator made an arrest and produced the prisoner before the justice of the peace, the justice would direct the relator to take the prisoner in custody on the day of the hearing and on any adjourned day of hearing until judgment was given; the prisoner in the intervals not being in the custody of the constable at all. The respondent contends that the magistrate's power to commit a prisoner to the custody of a constable after arraignment is based exclusively on section 733 of the Code of Criminal Procedure, which provides as follows:

"During the time allowed to the defendant to give bail, and until judgment is given, he may be continued in the custody of the officer, or committed to the jail of the county to answer the charge as the magistrate may direct."

It is argued that after bail is given the magistrate may not commit the prisoner to the charge of the constable. In a Court of Special Sessions, other than in New York county, the undertaking on the bail of

a prisoner provides "that he shall appear thereon" (the criminal charge) "from time to time, until judgment." Code of Criminal Procedure, § 738. While bail is outstanding, unforfeited for default, it may not be contemplated that the magistrate shall put the prisoner again into custody on the date or adjourned date of hearing, simply to insure his attendance. Section 422 of the Code of Criminal Procedure authorizes a court to commit a defendant to custody when he appears for trial, even when he has given bail; [1] but that section may apply only to criminal proceedings prosecuted under an indictment.

But the difficulty with this case, as the record appears, is that we do not know whether the charges claimed by the relator applied to bailed defendants or not. The prisoners in question may have been allowed to be at liberty generally without bail. The return recites that:

"The relator and one George W. Reimer, a justice of the peace of the town of Clarkstown, testified that the relator kept every prisoner in his custody during the trial before the justice; that by the justice's direction he so kept every prisoner in custody during the proceedings before the justice, and that after the proceedings before the justice the relator permitted the prisoner to depart until the adjourned day; that on the adjourned day the relator took each defendant in custody, and kept him in custody in the justice's office until the case was proceeded with and determined."

The petition for the writ describes the relator's services in almost the same words. As I understand it, the relator took the prisoners into custody only for the day on which their trial was fixed originally, or the adjourned day, and held them in custody on such days until the case was adjourned or determined, and that all this was done by the direction of the magistrate. Unless these persons had been admitted to bail, I think the magistrate had power to provide for the custody of the prisoner, and that the relator came within the provisions of section 740b of the Criminal Code, as aforesaid.

The relator cites Matter of the Town of Hempstead, 36 App. Div. 321, 335, 55 N. Y. Supp. 345, 355, at which last-cited page this court says:

"A constable is only authorized to charge for executing a warrant 75 cents, and for the custody of the defendant during the pendency of the proceeding, when he is directed by the justice to retain the person arrested in custody, $1 per day."

But this was said by way of recital as to another proposition, and not as deciding the question now before this court.

I cannot find in this record any facts which justified the board of supervisors in setting aside the audit of the town board to the extent of the $91 in question. There is no dispute that the magistrate did direct the relator to take the respective prisoners into his custody. There are no facts shown from which it would appear that the magistrate had not the legal power to give the direction, and the case seems to be within section 740b, ut supra.

I recommend, therefore, that the determination of the board of supervisors of Rockland county, so far as it reduced the audit of the town board by striking out the items aggregating $91 for the custody of prisoners under the direction of the magistrate, be reversed, with $50 costs and disbursements. All concur, except BURR, J., not voting.

[1] See Code Cr. Proc. § 62.